**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Allen C. YOUNG, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 10, 1996.
Filed April 18, 1997.

John I. McMahon, West Conshocken, for appellant.

Mary M. Killinger, Executive Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before TAMILIA, SCHILLER and MONTEMURO*, JJ.

SCHILLER, Judge.

Circumstantial evidence, when properly marshalled, can be powerful enough to sustain the Commonwealth's burden to prove guilt beyond a reasonable doubt. While the lack of a weapon or other piece of evidence can often prove grist for novelists' plots, in real life these deficiencies can be overcome by sufficient circumstantial proof of guilt.

FACTS:

On July 22, 1994, appellant, Allen C. Young, was in attendance at "dollar night" at a bar located in Conshohocken, Montgomery County. The victim in this case, one Ranielle Ricard, was in attendance and, at one point during the night, allegedly dropped food crumbs from his plate onto appellant. Appellant reacted by hitting Ricard in the face with a "hard" object. Ricard went over to the bar to obtain ice for the swelling of his face. Approximately fifteen minutes later Ricard noticed appellant "grinning" at him. Ricard took offense at this and reacted by crossing the room, jumping on appellant, and knocking him to the floor. While on the floor Ricard began hitting appellant. All witnesses at the scene agreed that appellant was on the ground and Ricard was on top of him. The fight ended when a shot rang out and Ricard was struck with a bullet; the bullet entered his leg and lodged in his abdomen. No one saw appellant shoot Ricard, nor did they see a gun. Based on reports received, the police focused on appellant as a suspect; he was ultimately arrested and tried for aggravated assault and a variety of weapons charges.

At trial the Commonwealth's case was wholly circumstantial. The Commonwealth relied on appellant's proximity to the victim, the fact that the bullet entered by the leg and came to rest in the abdomen (indicating an upward trajectory), and powder burns on the victims pants (indicating close range discharge of the weapon): the latter two facts were introduced by stipulation. For his part appellant denied being the shooter or even possessing a weapon; he did not assert self defense. The jury did not accept appellant's profession of innocence.

Appellant now brings this appeal from the judgments of sentence entered by the Court of Common Pleas of Montgomery County

---

* Retired Justice assigned to the Superior Court.

following his convictions for aggravated assault and possession of an instrument of crime. We affirm.

DISCUSSION:

Appellant raises the following issues for our review: whether the evidence was sufficient to sustain the verdicts; whether the verdicts were against the weight of the evidence; whether the trial court erred in refusing to limit the Commonwealth's argument regarding the trajectory of the bullet; and whether comments made by the prosecuting attorney in his closing argument constituted reversible error.

■ Appellant first raises a sufficiency claim. Appellant's position regarding this claim can be summed up in the following argument: "there was insufficient evidence to convict appellant of Aggravated Assault with a deadly weapon and Possessing and Instrument of Crime because the Commonwealth's evidence on the critical issue of identity consisted solely of weak circumstantial evidence which could not support the conclusion that appellant was the shooter beyond a reasonable doubt." Appellant's Brief in Support of Appeal pp. 10–11. Thus, appellant is not challenging the conclusion that the shooting of Mr. Ricard constituted aggravated assault, or that the use of a gun in such a manner constituted possessing an instrument of crime; he is arguing only that the evidence in this case did not establish that he was the shooter or that he had the gun.[1]

The test for establishing sufficiency is whether the evidence, and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth, as verdict winner, are sufficient to establish all elements of the offenses beyond a reasonable doubt. *Commonwealth v. Williams*, 532 Pa. 265, 272, 615 A.2d 716, 719 (1992). In evaluating the evidence we note that the

"Commonwealth's burden in proving a criminal offense or the elements thereof may be sustained by means of wholly circumstantial evidence." *Commonwealth v. Thomas*, 465 Pa. 442, 446–447, 350 A.2d 847–849 (1976). *See Commonwealth v. Pronkoskie*, 498 Pa. 245, 445 A.2d 1203 (1982).

In this case there was unrebutted evidence that the victim was shot at close range from a low angle. Appellant was not only the closest person to the victim, he was the only person underneath him. Appellant also had a motive for injuring the victim since they were engaged in an altercation. This circumstantial evidence clearly presented a permissible inference that the victim was shot by the appellant, and the jury so found. On review the evidence was sufficient to sustain this conclusion.

Appellant next argues that the verdicts were contrary to the weight of the evidence. Our standard of review for evaluating a weight of the evidence claim is well established:

[O]ur scope of review for such a claim is very narrow. *Commonwealth v. Hamilton*, 376 Pa.Super. 404, 414, 546 A.2d 90, 95 (1988), *allocatur denied*, 521 Pa. 629, 558 A.2d 531 (1989). The determination of whether to grant a new trial because the verdict is against the weight of the evidence rests within the discretion of the trial court, and we will not disturb that decision absent an abuse of discretion. *Commonwealth v. Pronkoskie*, 498 Pa. 245, 251, 445 A.2d 1203, 1206 (1982); *Commonwealth v. Hunter*, 381 Pa.Super. 606, 618, 554 A.2d 550, 555 (1989). Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. *Commonwealth v. Paquette*, 451 Pa. 250, 257, 301 A.2d 837, 841 (1973);

---

1. The offenses of which appellant was convicted were defined as follows:

    Aggravated Assault
    (a) Offense defined.—A person is guilty of aggravated assault if he:
     . . .
     (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon.

18 Pa.C.S. § 2702(a)(4).

    Possessing instruments of crime
    (a) A person commits a misdemeanor of the first degree if he possesses an instrument of crime with intent to employ it criminally.

18 Pa.C.S. § 907(a).

*Commonwealth v. Hamilton, supra,* 376 Pa.Super. at 414, 546 A.2d at 95–96. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record. *Commonwealth v. Zapata,* 447 Pa. 322, 290 A.2d 114 (1972). A claim that the evidence presented at trial was contradictory and unable to support the verdict requires the grant of a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice. *Id.; Commonwealth v. Hunter, supra; Commonwealth v. Saksek,* 361 Pa.Super. 173, 522 A.2d 70 (1987). *See also Commonwealth v. Wallace,* 522 Pa. 297, 315, 561 A.2d 719, 728 (1989) (*citing Commonwealth v. Nelson,* 514 Pa. 262, 271, n. 3, 523 A.2d 728, 733, n. 3 (1987), *cert. denied,* 484 U.S. 928, 108 S.Ct. 293, 98 L.Ed.2d 253 (1987)(under ordinary circumstances, an appellate tribunal should not entertain a challenge to the weight of the evidence since their examination is confined to the "cold record")). *See also Commonwealth v. Jenkins,* 396 Pa.Super. 395, 578 A.2d 960 (1990) and *Commonwealth v. McLean,* 396 Pa.Super. 23, 578 A.2d 4 (1990)(explaining that a challenge to the weight of the evidence is reviewable by the Superior Court).

*Commonwealth v. Rochon,* 398 Pa.Super. 494, 503, 581 A.2d 239, 244–245 (1990).

In this case the jury obviously rejected appellant's version of the night's events, and this determination was within the jury's purview. Once this determination was made, there were no other conflicts to resolve since the medical and ballistic testimony were introduced by stipulation. As we stated above the circumstantial evidence was sufficient to sustain the verdict. On review of a challenge to the weight of the evidence we cannot say that the jury's resolution shock's the conscience.

■ Appellant's third issue is addressed to the refusal by the trial judge to limit the Commonwealth's argument to the jury regarding the bullet's trajectory. This issue arose in the following manner. Prior to closing argument appellant's counsel made a motion *in limine* to preclude the Commonwealth from arguing the bullet's alleged trajectory because the Commonwealth had failed to introduce expert testimony on that point. The motion following argument:

> Ranielle Ricard was shot in the leg and the bullet was taken out from his stomach ... And you have to say he was shot from below. How do you get a bullet that travels through the leg and into the stomach? It travels upwards, and if it travels upwards ladies and gentlemen isn't it reasonable that the person who shot him was below him[?]

N.T. Closing Argument p. 25.

Our review of a trial court's ruling on a motion *in limine* is limited. The court's ruling is entitled to great deference and we may only reverse that ruling if it constitutes an error of law or a clear abuse of discretion. *Commonwealth v. Noll,* 443 Pa.Super. 602, 606, 662 A.2d 1123, 1125 (1995). Expert testimony is required when an issue is presented which is beyond the knowledge or experience of average laymen. *Commonwealth v. Duffey,* 519 Pa. 348, 548 A.2d 1178 (1988).

In this matter medical testimony was introduced about the entry wound (the leg) and the final resting place of the bullet (the abdomen). It is not beyond the experience of average laymen to know that the abdomen is above the leg when the victim is standing; and the Commonwealth could reasonably argue from the evidence that the ultimate destination of the bullet raised an inference that the shot came from below. Appellant's argument that the bullet's final resting place could have resulted from a ricochet was also a valid argument; but it was for the jury to accept or reject the parties' competing positions.

■ Appellant's final issue is directed to the Commonwealth's closing argument. Appellant contends that the closing argument was so offensive as to constitute prosecutorial misconduct which had the effect of denying him a fair trial. In evaluating the propriety of argument the standard for the grant of a new trial is very high. Not every unwise remark or comment constitutes reversible error. The comments or argument of the pros-

ecuting attorney must be such as to mislead or inflame the jurors to such dispassionate verdict. *Commonwealth v. Ragan,* 538 Pa. 2, 35, 645 A.2d 811, 827 (1994).

The comments about which appellant complains were as follows:

1. "Mr. McMahon [appellant's counsel] gets up here and makes an argument on behalf of a man who's paying him money to represent him." N.T. Closing Argument p. 22.

2. "Now isn't it just a coincidence that Mr. McMahon happens to find the only witness, the only eyewitness." *Id.* at p. 26.

3. "... he's [referring to appellant's counsel] playing his game ladies and gentlemen." *Id.* at p. 24.

4. "Mr. McMahon tries to get cute." *Id.* at p. 27.

5. "Mr. McMahon is playing one of his games again." *Id.* at p. 35.

We find these comments to be inappropriate in that they attack both defense counsel's integrity and appellant's constitutional right to vigilant counsel. However, we cannot say that their effect was likely to inflame a jury to such a degree that it would be incapable of dispassionately considering the evidence.

CONCLUSION:

Appellant's challenges to the weight and sufficiency of the evidence are without merit. The trial court's denial of appellant's motion *in limine* was not an abuse of discretion; and the Commonwealth closing argument did not rise to the level of precluding the jury from performing its function to dispassionately weigh the evidence.

Consequently, the judgments of sentence entered by the Court of Common Pleas of Montgomery County are affirmed.