COMMONWEALTH of Pennsylvania, Appellant,

v.

Michael Lee SIMS, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 27, 1998.

Filed March 10, 1999.

Reargument Denied May 17, 1999.

David J. Freed, Asst. Dist. Atty., Carlisle, for Commonwealth, Appellant.

Austin F. Grogan, Camp Hill, for appellee.

Before EAKIN, STEVENS and HESTER, JJ.

EAKIN, Judge.

¶ 1 This appeal by the Commonwealth contends the trial court abused its discretion in departing from the applicable guidelines when sentencing appellee Michael Sims, following his plea of guilty to two counts of simple assault. We vacate the judgment of sentence and remand for resentencing.

¶ 2 On June 16, 1997, while visiting the home of his girlfriend Donna Yates and her daughters, appellee became angry with Ms. Yates, claiming she did not spend enough time with him. Ms. Yates told appellee she did not wish to spend time with him because he was mean, and she had laundry to do. Appellee told her she "wasn't going anywhere," took her to the bedroom, and held her down. When Ms. Yates tried to push appellee away, he bit her leg. Finally extricating herself, Ms. Yates went to gather her laundry, but appellee grabbed her from behind and held her in a chokehold. Amanda, Ms. Yates' courageous nine-year-old daughter, told appellee to stop, and to let her mother go. In response, appellee ran after Amanda, threw her down the steps, slapped her on the back and punched her in the head. When Ms. Yates told appellee to stop, he threw her down the steps as well. Ms. Yates took her children and fled to the police station.

¶ 3 Appellee was charged with two counts of simple assault. At time of trial, Ms. Yates told the court she did not wish to testify; she stated she had reconciled with appellee and did not want the trial to proceed. The court properly instructed her she had to testify notwithstanding. After this ruling, appellee chose to plead guilty. The court accepted his plea and ordered a pre-sentence investigation (PSI) report.

¶ 4 Because appellee had a prior record, the guideline ranges for his assault of Ms. Yates, a second-degree misdemeanor, were 12–18 months in the standard range, 9 months in the mitigated range, and 21 months in the aggravated range. For the assault of Amanda, a first-degree misdemeanor, the standard ranges was 21–30 months, and the mitigated and aggravated ranges were 18 and 33 months, respectively. The court left the guidelines and imposed two concurrent sentences of only 6 to 23 months imprisonment.

¶ 5 The Commonwealth filed a motion to modify sentence; on January 27, 1998, following a hearing, the trial court imposed the same sentence, stating the following reasons for its downward departure:

> The sentences represent departures from the guidelines downward because at the time of the trial in this matter, one of the victims, Donna Yates, indicated that she did not wish to see the prosecution against the Defendant pursued, and she is the mother of the other victim, Amanda Yates. In addition, no medical attention was required for the victims, as indicated by the most recent victim impact statement received by the crime victim/witness assistance program on December 9, 1997; Defendant has a history of mental health treatment and is, in the opinion of the presentence investigator, in need of further mental health treatment; Donna Yates, victim and mother of the other victim in this case, requested in her most recent victim impact statement that the Defendant receive no further jail sentence beyond the 15 days which he had previously served, notwithstanding which the Court initially sentenced the Defendant to 6 months in prison as a minimum sentence; Defendant pled guilty to this offense in order to avoid the requirement that Donna Yates testify against him and in acceptance of responsibility for his actions; and the Defendant's prior record includes only one crime of violence, which occurred about 13 years ago.

N.T., 1/27/98, at 20.

¶ 6 On appeal, the Commonwealth challenges the discretionary aspects of the

sentence. Our scope of review in such challenges is well established. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Johnson*, 446 Pa.Super. 192, 666 A.2d 690, 693 (1995). Additionally, we will only entertain a challenge to the discretionary aspects of sentencing if a substantial question exists as to the appropriateness of the sentence. *Commonwealth v. Hoag*, 445 Pa.Super. 455, 665 A.2d 1212, 1213 (1995). Generally, "in order to establish a substantial question, appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Gaddis*, 432 Pa.Super. 523, 639 A.2d 462, 469 (1994), *appeal denied*, 538 Pa. 665, 649 A.2d 668 (1994).

■ ¶ 7 The Commonwealth claims the factors relied upon by the trial court for the imposition of a sentence so far below the mitigated range of the guidelines were unreasonable, and that the circumstances do not support such downward deviation. This claim presents a substantial question for review. *See Commonwealth v. Childs*, 445 Pa.Super. 32, 664 A.2d 994 (1995) (Commonwealth presented substantial question when it contended sentence imposed was excessively lenient and unreasonably deviated from applicable guideline range), *appeal denied*, 544 Pa. 601, 674 A.2d 1066 (1996).

¶ 8 In determining if a sentence is unreasonable, this Court is to consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d). *See also Commonwealth v. Drumgoole*, 341 Pa.Super. 468, 491 A.2d 1352, 1354 (1985). Furthermore, we must vacate and remand for resentencing with instructions if we find:

(3) The sentencing court sentenced outside the guidelines and the sentence is unreasonable.

42 Pa.C.S. § 9781(c); *Drumgoole, supra.*

¶ 9 With these principles in mind, we find the factors relied upon by the learned sentencing court do not warrant a sentence that was far below the mitigated range of the guidelines.

■ ¶ 10 First, the court's reliance on Ms. Yates' statement she did not wish to see the prosecution pursued, as well as her request appellee receive no further jail time, is misplaced. The record reveals these requests for lenience were made following threats by appellee prior to trial and the first sentencing. At the resentencing hearing, Ms. Yates stated she was reluctant to testify at trial because she was afraid and concerned "[h]ow [appellee] might react," and she was "afraid that he would get mad and maybe hurt me or my family." N.T., 1/27/98, at 11–12. Ms. Yates further testified she was afraid to be present at the initial sentencing because she knew appellee would be mad, and that he had stalked her. *Id.*, at 13. She stated she changed her victim impact statement to request appellee receive no further sentence in response to appellee's asking her to drop the case. *Id.*, at 17.

¶ 11 This uncontraverted evidence shows appellee intimidated Ms. Yates in an attempt to avoid being tried and sentenced; that she succumbed is not mitigation. Statements motivated by fear of the appellee cannot be a valid reason for mitigation, much less sentencing below the mitigated range. As the intimidation was known to the court at the time of resentencing, it should have been an aggravating factor, not one of mitigation. The justice system must protect people from intimidation, not reward the intimidator.

¶ 12 Appellee's success in coercing the mother was certainly not a reason to impose a lesser sentence for the crime against the child, assaulted for trying to save her mother from appellee in the first place. By cowing the mother, appellee left this brave child with no one to speak for her. A sentence only

one-third the *mitigated* minimum guidelines sentence for assaulting this courageous girl is hard to understand, and certainly may not be based on the words of her still frightened mother.

¶ 13 The trial court relied on appellee's comment in the PSI that he accepted responsibility for his behavior, knew it was wrong and was prepared to pay the consequences, despite the pre-sentence investigator's opinion this statement lacked sincerity and honesty. The investigator further believed appellee "attempts to win through intimidation and to solicit sympathy through threats of suicide." These beliefs were entirely consistent with the crime and the subsequent intimidation of Yates, and belie appellee's proffers of remorse, yet they were ignored by the court. Even if true, we fail to see how boilerplate statements of regret justify going *below* the mitigated range, a range which must contemplate a significant and sincere degree of remorse in the first place.

¶ 14 The court also relied upon the fact neither victim required medical attention. This is hardly mitigation; if anything, the lack of broken bones after being flung down a set of steps is the serendipitous avoidance of an aggravating circumstance. The absence of aggravation is not the equivalent of mitigation. Appellee should not be rewarded with a less-than-mitigated range sentence simply because his nine-year-old victim and her mother were fortunate enough to survive the assault without medical assistance.

¶ 15 Nor does the fact appellee "only" has one 13–year–old violent crime on his criminal record justify this sentence. Calculation of appellee's prior record score accounts for the age of his prior violence. Moreover, his record reflects a history of felonies; appellee's status as a repeat felon is not diminished because only one of the many crimes he committed was violent. The age of that one crime may mitigate its specific impact, but it does not mitigate the present crime, much less give reason to go below the mitigated sentencing range.

¶ 16 Finally, the court relied on appellee's history of mental health treatment and the PSI investigator's opinion he was in need of further treatment. Why the court credited this opinion while ignoring the same investigator's opinion of appellee's insincere remorse is puzzling; regardless, it does not support such a drastic deviation from the guidelines. Appellee can certainly receive treatment while incarcerated; indeed, his needs may be more thoroughly addressed by ensuring his participation in treatment, by means of incarceration.

¶ 17 The distinguished trial court has cited various reasons for its sentence, but these reasons do not mitigate the offense or the offender. *A foritori*, they do not justify a sentencing departure of this magnitude. We are constrained to find the sentence imposed by the trial court was unreasonable in light of the circumstances surrounding this case. Accordingly, we vacate the judgment of sentence and remand for resentencing in accordance with this opinion.

¶ 18 Judgment of sentence vacated; case remanded. Jurisdiction relinquished.