J-S26022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MONROE YOUNG, | : | |
| | : | |
| Appellant | : | No. 1663 EDA 2013 |

Appeal from the Judgment of Sentence Entered January 3, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0009297-2010.

BEFORE:  BENDER, P.J.E., SHOGAN and FITZGERALD*, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 29, 2014**

Appellant, Monroe Young, appeals from the judgment of sentence entered following his convictions of one count each of possession with intent to deliver a controlled substance ("PWID"), possession of firearm by a prohibited person ("VUFA"), criminal use of communication facility, possession of a controlled substance, possessing an instrument of crime ("PIC"), and possession of a firearm with altered manufacturer's number. We affirm.

The trial court summarized the facts of this case as follows:

On June 2, 2010, Police Officer Cruz, Police Officer Turner, and Police Officer Kelly received information from another investigation which led them to the area of 3300 North 22nd Street, in the city and county of Philadelphia.  N.T., 9/11/12 p. 11.  They met with a Confidential Informant ("CI") 01195, who had been used in over 50 investigations involving narcotics,

_____
*Former Justice specially assigned to the Superior Court.

which had produced over 50 arrests. N.T., 9/11/12 pp. 8-10. The CI was searched for contraband and currency. N.T., 9/11/12 p. 11. Once cleared, the CI was supplied $40.00 in pre-recorded buy money and the CI placed a call to 267-595-XXXX, which the CI knew to be [Appellant's] cell phone number. N.T., 9/11/12 p. 11. [Appellant] answered the call and instructed the CI to proceed to a property located on [the] 3300 block of North 22nd Street. N.T., 9/11/12 p. 12.

The police and the CI arrived at the location sometime between 3:15 p.m. and 6:15 p.m. N.T., 9/11/12 p. 13. The CI was released in the area and met up with [Appellant], engaging in a brief conversation lasting approximately one minute, and then handing [Appellant] the prerecorded buy money. N.T., 9/11/12 pp. 13-14. Officer Cruz observed the entire transaction from approximately 35-40 feet away in his vehicle. N.T., 9/11/12 pp. 13, 27 and N.T, 9/12/12 p. 22. As Officer Cruz continued to watch, the CI followed [Appellant] to 3325 North 22nd Street where they both entered the property. N.T., 9/11/12 pp. 13-14. They remained inside the property for approximately two minutes and then exited the property together. N.T., 9/11/12 pp. 14-15. [Appellant] was wearing a white t-shirt, blue jean shorts that came to the knee, and orange and white shell top sneakers. N.T., 9/11/12 p. 40. The CI left the area and met with police at a predetermined location. The CI gave police five black packets containing crack cocaine that [Appellant] had sold him in exchange for the pre-recorded buy money. N.T., 9/11/12 p. 13, 30.

On June 3, 2010, the police returned to 3325 North 22nd Street with CI 01195 sometime between 2:15 p.m. and 5:45 p.m. N.T., p. 15, 27. [Appellant] was sitting on the porch. N.T., 9/11/12 p. 16. [Appellant] was wearing a white t-shirt, blue jean shorts that came to the knee, and orange and white shell top sneakers. N.T., 9/11/12 p. 40. This was the identical clothing and shoes [Appellant] wore the previous day. N.T., 9/11/12 p. 40. The CI was searched for currency and contraband and given $20.00 pre-recorded buy money. N.T., 9/11/12 p. 15. The CI went to 3325 North 22nd Street, engaged in a brief conversation with [Appellant] sitting on the porch, and handed [Appellant] the pre-recorded buy money. N.T., 9/11/12 p. 16. [Appellant] entered the property and remained inside for a few minutes. N.T., 9/11/12 p. 16. [Appellant] exited the

property and handed the CI unidentified small objects. N.T., 9/11/12 p. 16. The CI left the area and met with police. N.T., 9/11/12 p. 16. The CI was searched and possessed four clear plastic packets containing crack cocaine. N.T., 9/11/12 p. 17. Officer Cruz observed this transaction. N.T., 9/11/12 pp. 34-36. Based on these observations, the police applied and obtained a search warrant for 3325 North 22nd Street. N.T., 9/11/12, pp. 17, 18.

On June 4, 2010, the police set up surveillance at 3325 North 22nd Street. N.T., 9/11/12 p. 18. At approximately 3:55 p.m., [Appellant] arrived in a burgundy Mercury Sable with a Pennsylvania license plate. N.T., 9/11/12 p. 18. Defendant wore the same clothing from June 2nd and June 3rd. N.T., 9/11/12 p. 43. [Appellant] and an unidentified black female exited the vehicle. N.T., 9/11/12 p. 18 and N.T., 9/12/12 p. 65. [Appellant] used a key to enter the property. N.T., 9/11/12 p. 18. The police arrived soon after to execute the search warrant and knocked on the door. N.T., 9/11/12 p. 19. An unknown female began yelling "Country, Country" from the front window of the property. N.T., 9/11/12 p. 19 and N.T., 9/12/12 pp. 24-25. The police entered the property and observed [Appellant] exiting Apartment B located on the first floor towards the rear of the row home. N.T., 9/11/12., pp. 19, 20, 38. [Appellant] was stopped midexit. N.T., 9/11/12 pp. 20, 21, 38 and N.T., 9/12/12 p. 43. Recovered from his person were: two keys, one that opened the front door of the house and the other that opened [A]partment B, and a cell phone.[1] N.T., 9/11/12 pp. 20, 21, 38 and N.T., 9/12/12 p. 43. The police called the same telephone number used by the CI on June 2, 2010, 267-595-XXXX, and [Appellant's] phone rang and the word "Country" appeared on the screen. N.T., 9/11/12 p. 21.

> [1] [Appellant's] mother testified that she gave him the color-coded keys that unlocked the front door of 3325 North 22nd Street and Apartment B. N.T., 9/12/12 pp. 101-103.

The police entered Apartment B and saw an open can on the kitchen table. N.T., 9/11/12 p. 22. The can contained one clear Ziploc packet with red markings on it that contained three black packets and forty clear packets (identical to the packets from the purchases of June 2nd and June 3rd 2010), all containing

crack cocaine. N.T., 9/11/12 p. 22 and 9/12/12 pp. 28-29. The can also contained one clear Ziploc packet with spades on it containing bulk crack cocaine. N.T., 9/11/12 p. 22. [Appellant] moved a bed into the bedroom and also had "some of his stuff" in the apartment. N.T., 9/12/12 pp. 104,106. On the bed was one clear Ziploc packet with purple markings with the words "purple ladies," containing marijuana. N.T., 9/11/12 p. 22 and N.T., 9/12/12 p. 29. The police recovered various items in and on the dresser in the apartment, including a letter with the name of Country Black, a letter in the name of Monroe Young, a Pennsylvania identification card with the name Monroe Young Junior, a semi-automatic handgun with an obliterated serial number, bullets, and $303.00 in United States currency. N.T., 9/11/12 p. 22, 24 and N.T., 9/12/12 pp. 30-31, 41-42. The correspondence was addressed to 3419 North 22nd Street. N.T., 9/12/12 pp. 41-42.[2] The handgun and the bullets were recovered from the same drawer of the dresser. N.T., 9/12/12 p. 35. A deed with the address of 3325 North 22nd Street listing the names of Anthony Floyd and Monroe Young was found on the dresser.[3] N.T., 9/12/12 pp. 37-41. There was male clothing observed inside the drawers of the dresser. N.T., 9/11/12 p. 24. No other person stayed with [Appellant] in the apartment. N.T., 9/12/12 pp. 106-107.

> [2] [Appellant's] mother testified that he was residing at both 3419 North 22nd Street with his mother and at 3325 North 22nd Street Apartment B. N.T., 9/12/12 pp. 92-107.
>
> [3] The deed was identified as a lease during the motions hearing on September 11, 2012. This misidentification was clarified at trial. N.T., 9/12/12 pp. 36-41, 50.

Trial Court Opinion, 12/10/13, at 3-6 (footnotes in original).

On September 12, 2012, at the conclusion of a nonjury trial, Appellant was convicted of the crimes stated above. On January 3, 2013, the trial court sentenced Appellant to serve concurrent terms of incarceration of five to ten years for the conviction of PWID, two to five years for the conviction

of VUFA, and one and one-half to three years for the conviction of criminal use of a communication facility. No further penalty was imposed on the convictions of possession of controlled substance, PIC, and possession of a firearm with altered manufacturer's number. Appellant's post-sentence motion, which included a challenge to the weight of the evidence, was denied by operation of law. This appeal followed.

Appellant presents the following issues for our review:

1) Whether the evidence presented at trial was sufficient to support the verdicts for the gun offenses where Appellant's Mother appeared in court and testified that she found the gun, placed it in a hidden area of the house, and failed to inform Appellant that the gun was inside the house?

2) Whether the verdict was against the weight of the evidence shocks a sense of justice where the Appellant was convicted of possessory weapons and drug offenses where the evidence showed that he was not in control of the weapon and that he knew nothing of its existence or placement inside the house?

3) Whether the sentence imposed constituted an abuse of discretion where it was harsh, excessive and illegal?

Appellant's Brief at 5.

Appellant first argues that there was insufficient evidence to support his convictions relating to the firearm. He contends that his convictions of firearms violations and PIC require that he be in possession of a weapon.

Appellant asserts that the evidence did not establish that he was in either actual or constructive possession of the weapon.[1]

When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Duncan*, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id*. (quoting *Commonwealth v. Brewer*, 876 A.2d

---

[1] We note that there is some error in the argument portion of Appellant's brief with regard to his first issue. Specifically, the argument in Appellant's brief contains two headings with the number "1." Appellant's Brief at 14 and 16. We will consider this to be a clerical error and address the arguments as a single issue. However, to the extent that Appellant includes a discussion challenging the sufficiency of the evidence concerning his conviction of PWID, Appellant's Brief at 15-16, we observe that such claim is waived for purposes of appeal because Appellant did not include that specific issue in his Pa.R.A.P. 1925(b) statement. *See Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998) (holding that where a trial court directs a defendant to file a concise statement pursuant to Pa.R.A.P. 1925, any issues not raised in that statement shall be waived). *See also Commonwealth v. Mattison*, 82 A.3d 386, 393 (Pa. 2013) (waiving sufficiency of the evidence challenges to particular convictions where the appellant did not raise those convictions in his Pa.R.A.P. 1925(b) statement). Moreover, Appellant did not include in his "Statement of Questions Involved" a challenge to the sufficiency of the evidence with regard to his conviction of PWID and, thus, waived the issue on this basis too. Appellant's Brief at 5. *See Commonwealth v. Bryant*, 57 A.3d 191, 196 n.7 (Pa. Super. 2012) (citing Pa.R.A.P. 2116(a) and concluding that challenges to the weight and sufficiency of the evidence of particular convictions were waived for failure to include them in Statement of the Questions in appellate brief).

1029, 1032 (Pa. Super. 2005)). However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. *Id*. In addition, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. *Id*. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented. *Commonwealth v. Hartle*, 894 A.2d 800, 804 (Pa. Super. 2006).

Because Appellant was not in physical possession of the firearm in question, the Commonwealth was required to establish that he had constructive possession of the seized item to support his convictions. We are mindful that where the contraband a person is charged with possessing is not found on the person of the defendant, the Commonwealth is required to prove constructive possession. *Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa. Super. 2003). Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. *Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004).

In addition, constructive possession can be proven by circumstantial evidence and the "requisite knowledge and intent may be inferred from examination of the totality of the circumstances." *Commonwealth v. Clark*, 746 A.2d 1128, 1136 (Pa. Super. 2000) (quoting *Commonwealth v.*

*Haskins*, 677 A.2d 328, 330 (Pa. Super. 1996)). Moreover, we have held that circumstantial evidence is reviewed by the same standard as direct evidence – that is, that a decision by the trial court will be affirmed "so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Johnson*, 818 A.2d 514, 516 (Pa. Super. 2003) (citations omitted).

We first address Appellant's claim that the Commonwealth failed to establish his possession of the firearm beyond a reasonable doubt. Our review of the record, in the light most favorable to the Commonwealth, reflects that Appellant had the intent and ability to control the firearm. Officer Mario Cruz, a twenty-two-year veteran of the Philadelphia Police Department, testified that on June 4, 2010, he executed a search warrant at 3325 North 22nd Street. N.T., 9/12/12, at 19-23. As the officers arrived at Apartment B, within the building, Appellant opened the door and was exiting the apartment. *Id*. at 25. Officer Cruz explained that, while searching the apartment, the officers recovered a semiautomatic handgun with an obliterated serial number from a dresser drawer in the bedroom. *Id*. at 31-35, 48. Officer Cruz further testified that other items were found in the bedroom dresser, including a deed to the residence at 3325 North 22nd Street, which contained Appellant's name, several pieces of mail with Appellant's name, and a Pennsylvania photo driver's license bearing

Appellant's name.  *Id*. at 35-43.  Officer Cruz also stated that the police recovered keys from Appellant's person, and the keys operated the front door of the building and the door to Apartment B.  *Id*. at 43.  This evidence, viewed in the light most favorable to the Commonwealth, although circumstantial, established that Appellant was in constructive possession of the firearm.  Therefore, Appellant's claim that the Commonwealth failed to present sufficient evidence to prove constructive possession of the firearm for the crimes of VUFA, PIC, and possession of a firearm with altered manufacturer's number lacks merit.

Appellant next raises a claim challenging the weight of the evidence. In the argument portion of his appellate brief, Appellant solely challenges whether the weight of the evidence supported his firearms convictions. Appellant fails to make any argument pertaining to the narcotics offenses. Specifically, the entirety of Appellant's argument is as follows:

> The determination of whether the verdict was against the weight of the evidence rests with the trial court.  Where the "verdict is so contrary to the evidence as to shock one's sense of justice then an award of a new trial is imperative so that right may be given another opportunity to prevail."  **Commonwealth v. Ragan**, 439 Pa. Super. 337, 653 A.2d 1286 (1995); *citing* **Thompson vs. City of Philadelphia**, 507 Pa. 592, 493 A.2d 669 (1985).

> The evidence failed to even circumstantially establish beyond a reasonable doubt that Appellant had knowledge of the gun or that he intended to use the gun for criminal purposes. The evidence viewed in a light favorable to the Commonwealth at most suggested that Appellant may have known of the gun. [Appellant's mother] testified that she found the gun in the

house years earlier, that the gun was old and dusty, and that she placed [it] in a dresser drawer. N.T., 09/12/2012, 83-85.

The totality of the circumstances demand that Appellant be granted a new trial. The Commonwealth was required to prove every element, i.e., specifically possession, beyond a reasonable doubt. To permit the verdicts to stand for the PIC and VUFA charges would result in a miscarriage of justice. Appellant seeks a new trial due to the vagueness and inconsistencies in Officer's [sic] Cruz's testimony, and in the alternative seeks for the PIC and VUFA charges to be set aside and be resentenced.

Appellant's Brief at 19-20. Thus, we must conclude that Appellant has abandoned any weight of the evidence argument with regard to the narcotics convictions. Accordingly, we address only the weight of the evidence pertaining to the firearms convictions.

We use the following standard of review in addressing a weight of the evidence claim:

Our scope of review for such a claim is very narrow. The determination of whether to grant a new trial because the verdict is against the weight of the evidence rests within the discretion of the trial court, and we will not disturb that decision absent an abuse of discretion. Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record. A claim that the evidence presented at trial was contradictory and unable to support the verdict requires the grant of a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice.

**Commonwealth v. Young**, 692 A.2d 1112, 1114 (Pa. Super. 1997) (citations omitted).

It must be emphasized that it is not for this Court or any appellate court to view the evidence as if it was the jury. Our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience.

*Commonwealth v. Griffin*, 684 A.2d 589, 597 (Pa. Super. 1996). Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000).

Our review of the record reflects that the trial court addressed Appellant's weight of the evidence claim immediately following Appellant's challenge to the sufficiency of the evidence claim raised in the preceding issue, and determined that it lacked merit. *See* Trial Court Opinion, 12/10/13, at 9-10. Specifically, the trial court stated, "[a]s outlined above, the evidence presented at trial plainly established that [Appellant] committed the weapons offenses." *Id*. at 9. The trial court ultimately concluded the following:

The Court, as factfinder, credited the testimony of the police officers, along with the evidence presented at trial, over the testimony presented by [Appellant]. Because the evidence fully supported the verdict, the Court did not abuse its discretion in denying [Appellant's] motion for judgment of acquittal.

*Id*. at 10.

Similarly, our review of the record reflects that the Commonwealth presented evidence at trial regarding Appellant's constructive possession of

the firearm in question. N.T., 9/12/12, at 19-23. Here, the trial court, sitting as the finder of fact, was free to believe all, part, or none of the evidence against Appellant. The trial judge weighed the evidence and concluded Appellant committed the crimes in question. We decline Appellant's invitation to assume the role of factfinder and to reweigh the evidence. Accordingly, we conclude that the trial court did not abuse its discretion in determining that Appellant's weight of the evidence claim lacks merit.

In his final issue, Appellant argues that the trial court erred when it imposed a mandatory minimum sentence of five years of incarceration, pursuant to 42 Pa.C.S.A. § 9712.1, for his conviction of PWID. Appellant again asserts that he was not in constructive possession of the firearm, and therefore a sentence pursuant to section 9712.1 is illegal.

Application of a mandatory minimum sentence gives rise to illegal sentence concerns, even where the sentence is within the statutory limits. ***Commonwealth v. Watley***, 81 A.3d 108, 118 (Pa. Super. 2013).[2] "Issues relating to the legality of a sentence are questions of law[; as a result, o]ur standard of review over such questions is *de novo*, and our scope of review

_____

[2] We note that in ***Commonwealth v. Watley***, 81 A.3d 108 (Pa. Super. 2013) (*en banc*), this Court recognized that many mandatory minimum statutes in Pennsylvania are no longer constitutional based on ***Alleyne v. United States***, ____ U.S. ____, 133 S.Ct. 2151 (2013). ***Alleyne*** requires facts increasing a sentencing floor, unrelated to prior convictions, to be established beyond a reasonable doubt.

is plenary." *Commonwealth v. Delvalle*, 74 A.3d 1081, 1087 (Pa. Super. 2013) (citations omitted).

The relevant portion of the statute, requiring the imposition of a mandatory minimum sentence, provides as follows:

> **§ 9712.1.  Sentences for certain drug offenses committed with firearms.**
>
> **(a)  Mandatory sentence.--**Any person who is convicted of a violation of section 13(a)(30) of the . . . Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is **in physical possession or control of a firearm**, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or **in close proximity to the controlled substance**, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.

42 Pa.C.S.A. § 9712.1(a) (footnote omitted; emphasis added).

In *Commonwealth v. Hanson*, 82 A.3d 1023 (Pa. 2013), our Supreme Court interpreted the meaning behind physical possession and control in Section 9712.1(a), and stated the following:

> [I]t is clear enough that, in prescribing a mandatory minimum sentence for "physical possession or control" of a firearm in connection with PWID, the Legislature intended to address the actual or constructive exercise of power over a weapon, as the Commonwealth contends.  The requirement favored by Appellant—immediate and direct physical accessibility to the firearm—is in tension with the guidance provided on the statute's face.
>
> We do agree with Appellant, however, that an overt scienter requirement of "knowing" should attend the definition. While it is possible to exercise a substantial degree of "control" without knowledge (as, for example, a weapon might surreptitiously be slipped into a bag carried by the defendant),

the longstanding understanding of constructive possession and/or constructive control incorporates a scienter requirement. Consistent with the rule of lenity, we find that such requisite should pertain in the context of mandatory sentencing as well. Indeed, both parties agree that a requirement of "knowing" control is appropriate; our main difference with the Commonwealth's position on this point lies in its assertion that there is no need to make the scienter requirement overt.

Accordingly, we hold that, for purposes of Section 9712.1(a), "physical possession or control" means the knowing exercise of power over a weapon, which may be proven through evidence of a direct, physical association between the defendant and the weapon or evidence of constructive control. Constructive control, in this setting, an analogue to constructive possession, entails the ability to exercise a conscious dominion and the intent to do so.

*Hanson*, 83 A.3d at 1036-1037.

As discussed previously in this Memorandum, Appellant proceeded in a nonjury trial and evidence of the constructive possession of the firearm was introduced at trial. In this respect, the trial court, sitting as the finder of fact, found that Appellant constructively possessed the gun in the dresser. Trial Court Opinion, 12/10/13, at 7-9. Thus, the trial court, in finding Appellant guilty of the firearm charges, found beyond a reasonable doubt that Appellant constructively possessed the firearm, which is an analogue to constructive control, thereby triggering the mandatory minimum. Accordingly, Appellant's contrary argument lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2014