J-S52023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT PAUL BOLTZ, SR. | |
| Appellant | No. 298 MDA 2017 |

Appeal from the Judgment of Sentence January 26, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000648-2016

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED OCTOBER 03, 2017**

Robert Paul Boltz appeals from the judgment of sentence, entered in the Court of Common Pleas of Berks County, following his conviction for aggravated assault and related offenses.  After careful review, we affirm.

The trial court summarized the facts of this case as follows:

During the evening hours of January 30, 2016, [Boltz's] estranged wife, [Lynda Boltz], was present inside of her residence located at 54 School Road, Mohrsville, Berks County, Pennsylvania.  At that time, [Lynda] Boltz's boyfriend, James Wosochlo, arrived at [her] [r]esidence to have dinner [].  Wosochlo was operating a red Chevrolet Silverado and parked in the driveway [].  After dinner, Lynda Boltz and [] Wosochlo were in [the] bedroom when they heard a noise outside coming from the rear portion of the [r]esidence. [] Wosochlo and Lynda Boltz then exited the [r]esidence to determine the source of the noise. [] Wosochlo and Lynda Boltz came into contact with [Boltz] outside of the residence. [Boltz] testified that he was there to see his dog, Mandy. [Boltz] told [] Wosochlo that "[Lynda Boltz] is my wife" and that "this is my house." Boltz was in possession of a knife and attempted to stab [] Wosochlo in the

chest/stomach area but was blocked by [] Wosochlo. The knife was long and silver in color and at least six inches [] in length. The blade of the knife was approximately four inches [] in length. [] Wosochlo took the knife away from [Boltz] and threw it aside. During the altercation, [] Wosochlo sustained a scratch on his arm. [] Wosochlo secured [Boltz's] arms and moved him to the front of the [r]esidence so [Boltz] would leave the property. [Boltz] threatened to sue [] Wosochlo if he suffered any injuries and referenced his prior back surgery. [Boltz] was shouting at [] Wosochlo and said "this is my house, that is my wife, I guess you've been fucking her for the past year and a half because I haven't been getting any. I know where you live. I know where you work. I know you have a Mexican girlfriend." [] Wosochlo released [Boltz] who then left the residence and the altercation concluded. The knife was recovered by Pennsylvania State Police Trooper Dominic Marino. After [Boltz] had left the [r]esidence, [] Wosochlo observed damage to his [v]ehicle. [] Wosochlo noticed that the words "[fuck] you" were scratched into the paint on the back of his [v]ehicle. He also saw that the anti-lock braking system [] lines were cut and all four of his tires were slashed. Trooper Marino also observed this damage. [] Wosochlo's [v]ehicle had new tires and was in good condition when he arrived at the [r]esidence. [] Wosochlo testified that the paint on the [v]ehicle was also in good condition other than one scratch.

Trial Court Opinion, 4/10/17, at 3-4.

On January 26, 2017, the court sentenced Boltz to 3½ to 10 years' imprisonment in a state correctional facility. On February 1, 2017, Boltz filed a post-sentence motion, which the trial court denied by order dated February 6, 2017. Boltz filed a timely appeal, after which both he and the trial court complied with Pa.R.A.P. 1925. Boltz presents the following issues for our review:

1. Whether the guilty verdicts for aggravated assault, simple assault, recklessly endangering another person (REAP), criminal mischief and harassment were against the weight of the evidence?

- 2 -

2. Whether the trial court abused its discretion in imposing an aggregate sentence of 3½ to 10 years, where such sentence was manifestly excessive and clearly unreasonable, where the sentence was contrary to the fundamental norms underlying the Sentencing Code.

Brief of Appellant, at 9 (reworded for clarity).

Our standard of review in challenges to a trial court's verdict as against the weight of the evidence is necessarily limited. ***See Commonwealth v. Young***, 692 A.2d 1112, 1114 (Pa. Super. 1997). "The determination of whether to grant a new trial because the verdict is against the weight of the evidence rests within the discretion of the trial court, and we will not disturb that decision absent an abuse of discretion." ***Id.*** (citations omitted). "A claim that the evidence presented at trial was contradictory and unable to support the verdict requires the grant of a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice." ***Id.*** (citations omitted).

Boltz first claims his physical disabilities limited his ability to engage in physical activity, including fighting, for purposes of his aggravated assault and related convictions, and that the Commonwealth presented no forensic or circumstantial evidence proving he had a knife. Thus, Boltz avers, his convictions for aggravated assault, simple assault, REAP and harassment were against the weight of the evidence. A person is guilty of aggravated assault, simple assault, REAP or harassment if he:

§ 2702. Aggravated Assault.

(1) **attempts to cause serious bodily injury** to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; [or]

(4) **attempts to cause** or intentionally or knowingly causes **bodily injury** to another with a deadly weapon[.][1]

* * *

§ 2701 (a)(1), (3). Simple Assault.

(1) **attempts to cause** or intentionally, knowingly, or recklessly causes **bodily injury** to another; [or]

(3) **attempts by physical menace to put another in fear of imminent serious bodily injury**[.]

* * *

§ 2705. Recklessly endangering another person.

A person commits a misdemeanor of the second degree if **he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury**.

* * *

§ 2709. Harassment.

(a) Offense defined.--A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

(1) **strikes, shoves, kicks or otherwise attempts or threatens to do the same**[.]

18 Pa.C.S.A. §§ 2701(a)(1), (3), 2702(a)(2), (4), 2705 and 2709 (emphasis added).

_____

[1] Deadly weapon is defined as a "device designed as a weapon and capable of producing death or serious bodily injury[.]" 18 Pa.C.S.A. § 2301.

On January 30, 2016, at approximately 10 p.m., Boltz, dressed in camouflage hunting gear, approached the rear of Linda Boltz's residence armed with a knife. *See* N.T. Jury Trial, 11/14/16, at 77-80. Wosochlo went to the rear of the residence to investigate sounds of what he believed was a person shifting his or her weight in the snow. Shortly thereafter, Wosochlo encountered Boltz outside of the residence, at which time Boltz was holding an object Wosochlo could not immediately identify. Boltz then lunged at Wosochlo's torso area while holding an object in his right hand. Specifically, Wosochlo testified that he saw Boltz "go for [his] stomach with something," in a lunging motion. *Id.* at 80. Wosochlo was able to block Boltz's lunging motion, at which time his hand came in contact with a hard object; Wosochlo then realized that the object in Boltz's right hand was "a big knife." *Id.* at 81. After a struggle, Wosochlo was able to disarm Boltz and escort him off the property surrounding Linda Boltz's residence. Police later recovered a "butterfly knife" from the scene, which was later identified by Wosochlo as being the knife Boltz used to attack him. *Id.* at 86.

Boltz's assertion that his physical condition inhibited or limited his ability to attack or threaten Wosochlo with a knife is irrelevant. A conviction for any of the foregoing charges does not require more than an attempt. *See* 18 Pa.C.S.A. §§ 2701(a)(1), (3), 2702(a)(2), (4), 2705 and 2709. Boltz's attempts at stabbing Wosochlo in the torso, however futile, placed Wosochlo in imminent danger of serious bodily injury. Further, the Commonwealth's evidence included the actual physical knife Boltz possessed

on January 30, 2016, and the jury accepted Wosochlo's and Linda Boltz's testimony that Boltz attempted to stab Wosochlo. *See Commonwealth v. Mucci*, 143 A.3d 399, 409 (Pa. Super. 2016) (finder of fact, while passing upon the credibility of witnesses and weight of evidence produced, is free to believe all, part, or none of evidence). Additionally, Boltz avers the Commonwealth presented no circumstantial evidence linking him to the knife. However, the record reflects the Commonwealth presented photos of damage to Wosochlo's Chevy Silverado, including images of tires slashed by a knife and graphic language scratched into the paint of the vehicle. *Commonwealth v. Devalos*, 779 A.2d 1190, 1193 (Pa. Super. 2001) (Commonwealth may sustain its burden of proving every element of crime beyond reasonable doubt by relying wholly on circumstantial evidence). Therefore, we find the jury's verdict is not so contrary to the evidence as to shock our collective sense of justice. *Young*, *supra*.

We now turn to Boltz's challenge of the trial court's discretionary aspects of his sentence. Our standard of review in challenges to the discretionary aspects of a sentence is limited. *See Commonwealth v. Sims*, 728 A.2d 357, 359 (Pa. Super. 1999). "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Id.* (citations omitted). "[W]e will only entertain a challenge to the discretionary aspects of sentencing if a substantial question exists as to the appropriateness of the sentence." *Id.* "[I]n order to establish a substantial question, appellant

must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Gaddis*, 639 A.2d 462, 469 (Pa. Super. 1994).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Hicks*, 151 A.3d 216, 226 (Pa. Super. 2006).

Boltz's brief includes a Rule 2119(f) concise statement of reasons relied on for allowance of appeal; however, review of the record reveals he failed to raise these issues at sentencing or in a post-sentence motion. The failure to raise this type of issue in a post-sentence motion or at sentencing results in its waiver on appeal. *See Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) (challenges to discretionary aspects of sentence waived if not raised during sentencing or in post-sentence motions). Therefore, further analysis of Boltz's last claim on appeal is unnecessary, as he has waived this issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/3/2017