J. S12031/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                   :             PENNSYLVANIA
                v.              :
                                   :
MICHAEL DAVID VELLNER,       :         No. 1583 MDA 2017
                                   :
           Appellant      :

Appeal from the Order Entered September 26, 2017,
in the Court of Common Pleas of Northumberland County
Criminal Division at No. CP-49-CR-0000451-2015

BEFORE: LAZARUS, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED APRIL 03, 2018**

Michael David Vellner appeals the September 26, 2017 order of the
Court of Common Pleas of Northumberland County that denied appellant's
motion to dismiss on double jeopardy grounds. After careful review, we
affirm.

The record reflects that appellant was charged with two counts of
aggravated indecent assault and indecent assault.[1] The trial court scheduled
a jury trial for March 17, 2016. At trial, Pennsylvania State Trooper
Kevin Kearney ("Trooper Kearney") testified that he interviewed appellant
after gathering information that appellant was a suspect in a crime. (Notes
of testimony, 3/17/16 at 11-15.) The Commonwealth began to play the

---

[1] 18 Pa.C.S.A. §§ 3125 and 3126, respectively.

videotape of the interview. In the taped interview, prior to reading appellant

his **Miranda**[2] rights, Trooper Kearney asked appellant if he remembered

him. Appellant responded that Trooper Kearney looked familiar.

Trooper Kearney stated, "I was your PO[3] about 20 years ago." (**Id.** at 18.)

Shortly thereafter, appellant's attorney moved for a mistrial. (**Id.**) The

Commonwealth's attorney, Michael P. Toomey, Esq. ("ADA Toomey"),

stated:

> To be honest, your Honor, I did not review that part
> of the video, because if I had, I would have certainly
> not played it. When I was reviewing the case for
> trial[,] I skipped ahead to the actual interview
> because the **Miranda** wasn't challenged. So I mean
> it's the Commonwealth's position that the Court can
> give cautionary instruction and instruct the jury not
> to consider it. All he said is I was a PO, that was
> 20 years ago.

**Id.** at 20. The trial court granted the mistrial for the introduction of prior

crimes by the Commonwealth. (**Id.** at 21.)

On April 7, 2016, appellant moved to dismiss on the basis of double

jeopardy. The trial court conducted a hearing on the motion on May 6,

2016. ADA Toomey testified that he reviewed the videotape with the

exception of the part where Trooper Kearney asked appellant if he

remembered him and recalled that he had been his "P.O." He explained that

he did not watch that portion of the tape because he thought it would just

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[3] A "PO" in this context refers to a parole officer or a probation officer.

consist of Trooper Kearney reading the **Miranda** warnings from a prepared sheet or card. (Notes of testimony, 5/6/16 at 23-24.) ADA Toomey testified that he reviewed the tape so that he would not play any portion for the jury that would refer to prior bad acts, crimes, or wrongs. (**Id.** at 25.) He explained:

> I didn't want to have a mistrial, Your Honor. That was my purpose.
>
> I wanted to avoid a mistrial. I wanted to convict [appellant]. I felt this was a strong case and we were going to win. I did not intentionally try to do that to cause a mistrial. I mean, you can see my notes. I went through the entire thing with the exception of the beginning. Believe me, that will never happen again.

**Id.**

On May 10, 2016, the trial court denied the motion to dismiss on the basis that ADA Toomey's failure to redact the prejudicial comment on the videotape shown to the jury was not intentional. Appellant appealed to this court and asserted that the trial court erred when it denied the motion to dismiss the information.

This court determined that the trial court did not satisfy the requirements of Rule 587(B)(3-6) of the Pennsylvania Rules of Criminal Procedure, vacated the order, and remanded for compliance with the rules. **Commonwealth v. Vellner**, No. 944 MDA 2016, unpublished memorandum (Pa.Super. filed June 22, 2017).

On remand, the trial court conducted a hearing on September 26, 2017. The trial court stated that its findings of fact and conclusions of law were contained in the statement in lieu of formal opinion that was filed on September 28, 2016, held the motion was not frivolous[4], and advised appellant of his right to appeal immediately the determination as a collateral order. As the motion is not frivolous, this court has jurisdiction to hear this appeal.

On October 12, 2017, appellant filed a notice of appeal. On October 17, 2017, the trial court ordered appellant to file a concise statement of errors alleged on appeal, pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On October 19, 2017, appellant complied with the order. On October 20, 2017, the trial court filed a statement in lieu of opinion.

Appellant raises the following issue for this court's review: "Whether the trial court erred when it denied the appellant's motion to dismiss charges on the grounds of double jeopardy because the Commonwealth caused the mistrial in the first place?" (Appellant's brief at 6 (capitalization omitted).)

> "An appeal grounded in double jeopardy raises a
> question of constitutional law. This court's scope of
> review in making a determination on a question of
> law is, as always, plenary. As with all questions of

---

[4] This court would have jurisdiction of an appeal of the collateral order denying the motion to dismiss if the trial court found that the motion was not frivolous. If the trial court found that the motion was frivolous, then appellant could secure review only by first filing a petition for review under Rule 1573 of the Pennsylvania Rules of Appellate Procedure.

law, the appellate standard of review is ***de novo***[.]" ***Commonwealth v. Vargas***, 947 A.2d 777, 780 (Pa.Super. 2008) (internal citations omitted). To the extent that the factual findings of the trial court impact its double jeopardy ruling, we apply a more deferential standard of review to those findings:

> Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

***Commonwealth v. Wood***, 803 A.2d 217, 220 (Pa.Super. 2002) (quoting ***Commonwealth v. Young***, 692 A.2d 1112, 1114-15 (Pa.Super. 1997)).

. . . .

Our Supreme Court has determined that the Double Jeopardy Clause of Pennsylvania's constitution provides greater protection than its federal counterpart:

> [T]he double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial.

***Commonwealth v. Smith***, 532 Pa. 177, 615 A.2d 321, 325 (1992).

As this Court has reflected:

> The ***Smith*** standard precludes retrial where the prosecutor's conduct evidences intent to so prejudice the defendant as to deny him a fair trial. A fair trial, of course, is not a perfect trial. Errors can and do occur. That is why our judicial system provides for appellate review to rectify such errors. However, where the prosecutor's conduct changes from mere error to intentionally subverting the court process, then a fair trial is denied.

> ***Commonwealth v. Chmiel***, 777 A.2d 459, 464 (Pa.Super.2001).

> Thus under Pennsylvania jurisprudence, it is the **intentionality behind the Commonwealth's subversion of the court process**, not the prejudice caused to the defendant, that is inadequately remedied by appellate review or retrial. By and large, most forms of undue prejudice caused by inadvertent prosecutorial error or misconduct can be remedied in individual cases by retrial. Intentional prosecutorial misconduct, on the other hand, raises systematic concerns beyond a specific individual's right to a fair trial that are left unaddressed by retrial. As this Court has often repeated, "[a] fair trial is not simply a lofty goal, it is a constitutional mandate, . . . [and] [w]here that constitutional mandate is ignored by the Commonwealth, we cannot simply turn a blind eye and give the Commonwealth another opportunity." ***Chmiel***, 777 A.2d at 464 (quoting ***Commonwealth v. Martorano***, 559 Pa. 533, 741 A.2d 1221, 1223 (1999)).

***Commonwealth v. Kearns***, 70 A.3d 881, 884-885 (Pa.Super. 2013).

(emphasis in original).

Here, appellant contends that the Commonwealth goaded him into moving for a mistrial when it played a videotape in which the state trooper

stated that he had previously been the parole officer of appellant. Appellant contends that the playing of the videotape compromised his ability to have a fair trial and that the Commonwealth played the video either deliberately or, if it never listened to the video, played it at its own peril to appellant's detriment.

The trial court determined that the Commonwealth did not intend to play the portion of the videotape that referred to appellant's prior criminal history. The trial court, as fact-finder, based this determination on Attorney Toomey's testimony. Based on these factual findings, this court agrees with the trial court that there was no intent to cause the mistrial or deny appellant a fair trial.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/2018