J-S07015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES JOSEPH ENGLERT, | |
| Appellant | No. 982 MDA 2014 |

Appeal from the Judgment of Sentence May 27, 2014
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000680-2010

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:         **FILED FEBRUARY 11, 2015**

Appellant, James Englert, appeals from the judgment of sentence of 18 to 36 months' incarceration.  Appellant challenges the discretionary aspects of his sentence.  After careful review, we affirm.

Appellant entered a plea of guilty to criminal trespass, criminal mischief, and theft by unlawful taking on January 5, 2011.  On April 20, 2011, Appellant was sentenced to two consecutive terms of 23 months' probation.

Appellant was subsequently arrested in 2013 on new charges. Consequently, on May 27, 2014, the court held a probation revocation hearing.  Following the hearing, Appellant's probation sentence was revoked,

and the court imposed a new sentence of 18 to 36 months' incarceration.[1] Appellant filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant now presents the following question for our review:

[I.] Whether the sentence imposed was excessive to the degree that it amounted to an abuse of discretion?

Appellant's brief at 4.

Initially, we note that there is "no absolute right to appellate review of the discretionary aspects of a sentence." *Commonwealth v. Mouzon*, 812 A.2d 617, 621 (Pa. 2002). An appellant must present a "substantial question" to this Court for review by submission of a statement as required by Pa.R.A.P. 2119(f). *See id.* Rule 2119(f) states that an appellant must include in his brief "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of the sentence." Pa.R.A.P. 2119(f).

> [T]he Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm (*e.g.*, the sentence is unreasonable or the result of prejudice because it is 500 percent greater than

---

[1] It appears that the trial court revoked Appellant's second term of probation, and Appellant's first term of probation concluded without having been revoked prior to the hearing.

the extreme end of the aggravated range). If the Rule 2119(f) statement meets these requirements, we can decide whether a substantial question exists.

*Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000).

"Generally, 'in order to establish a substantial question, [an] appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.'" *Commonwealth v. Sims*, 728 A.2d 357, 359 (Pa. Super. 1999) (quoting *Commonwealth v. Gaddis*, 639 A.2d 462, 469 (Pa. Super. 1994)).

Turning to Appellant's Rule 2119(f) statement, we note that Appellant does not identify what particular provision of the Sentencing Code is violated. Instead, he merely alleges, "The lengthy sentence imposed by the Trial Court goes against the rehabilitative nature of the Sentencing Code, as Appellant was denied the opportunity to participate in supervision at the county level."[2] Appellant's brief at 6. As Appellant's Rule 2119(f) statement does not meet the requirements laid out in *Goggins*, *supra*, we conclude that Appellant has failed to raise a substantial question.

Even if Appellant had raised a substantial question in his brief, he would not be due relief as his argument is without merit. Appellant stipulated at his revocation hearing that he had violated the terms of his probation by unlawfully possessing, and using, controlled substances. His

---

[2] To the extent that Appellant claims the court abused its discretion in failing to adequately consider mitigating factors, or in imposing an excessive sentence, such claims do not raise a substantial question. *See* *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997); *Commonwealth v. Titus*, 816 A.2d 251, 255-256 (Pa. Super. 2003).

probation officer testified that, following Appellant's arrest on new charges, Appellant's urine had tested positive for methamphetamines and marijuana. N.T., 5/27/14, at 14. Moreover, the probation officer testified that Appellant had not reported as directed. During the 2½ years Appellant was under supervision, he had only reported 4 times. *Id.* at 15. He did not pay court costs while under supervision. *Id.* at 14. He had previously submitted a diluted urine sample. *Id.* at 13. Moreover, he had not reported during the last 8 months of his supervision prior to the probation revocation hearing. *Id.* at 15. Appellant testified that he was addicted to methamphetamines. *Id.* at 9. He also testified that he had never attempted to seek rehabilitation for his substance abuse problem. *Id.* at 9. The trial court acknowledged this testimony, and noted that Appellant's continued use of controlled substances needed to be addressed. *Id.* at 18. The revocation court found that more restrictive supervision was necessary because Appellant had demonstrably failed to address his substance abuse problem while he was under less restrictive supervision. *Id.* at 19. As such, we would conclude that the trial court did not abuse its discretion in imposing Appellant's sentence of 18 to 36 months' incarceration.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2015

- 4 -