J-S11034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TAIWAN GRANBERRY, | : | |
| | : | |
| Appellant | : | No. 645 MDA 2014 |

Appeal from the Judgment of Sentence entered on March 17, 2014
in the Court of Common Pleas of York County,
Criminal Division, No. CP-67-CR-0008864-2012

BEFORE: PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 26, 2015**

Taiwan Granberry ("Granberry") appeals from the judgment of sentence entered following his plea of *nolo contendere* to two counts each of aggravated indecent assault and corruption of minors.[1] Additionally, Granberry's counsel, Jennilee M. Kemling, Esquire ("Attorney Kemling"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967). We grant Attorney Kemling's Petition to Withdraw, and affirm the judgment of sentence.

The trial court set forth the relevant facts and procedural history underlying this appeal in its Opinion, which we adopt and incorporate herein

---

[1] **See** 18 Pa.C.S.A. §§ 3125(a)(8), 6301(a)(1)(ii).

by reference. *See* Trial Court Opinion, 8/27/14, at 2-3.[2]

After filing the Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal on Granberry's behalf, Attorney Kemling filed with this Court an *Anders* Brief and Petition to Withdraw as counsel, opining that all of the issues that Granberry wished to raise on appeal are wholly frivolous and there are no other meritorious issues to be presented.[3]

Before addressing Granberry's claims, we must determine whether Attorney Kemling has complied with the dictates of *Anders* and its progeny in petitioning to withdraw from representation. Pursuant to *Anders*, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must

---

[2] In his post-sentence Motion, Granberry argued that the sentencing court imposed an excessive aggregate sentence and failed to consider his rehabilitative needs.

[3] Granberry did not retain alternate counsel for this appeal, nor did he file a response to the Petition to Withdraw.

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "Once counsel has satisfied the *Anders* requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous."

*Commonwealth v. Edwards*, 906 A.2d 1225, 1228 (Pa. Super. 2006) (citation and brackets omitted).

Our review of Attorney Kemling's *Anders* Brief and Petition to Withdraw reveals that she has complied with the requirements of *Anders*/*Santiago*. Additionally, Attorney Kemling has properly (1) provided Granberry with a copy of both the *Anders* Brief and the Petition to Withdraw; and (2) appended to the Petition to Withdraw a copy of the letter that she sent to Granberry advising him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention. Accordingly, we next examine the record to make an independent determination of whether Granberry's appeal is, in fact, wholly frivolous.

In the *Anders* Brief, Attorney Kemling states that Granberry wishes to raise the following issues for our review:

    I.   Whether [Granberry's] plea was voluntarily entered?

    II.   Whether the trial court had jurisdiction to hear the case?

    III.   Whether the trial court issued a legal sentence?

    IV.   Whether the trial court abused its discretion in sentencing [Granberry] to an aggregate sentence of five (5) to eleven (11) years in a state correctional institution?

***Anders*** Brief at 5 (capitalization omitted).

Granberry first argues that the trial court erred by accepting his plea of *nolo contendere* because he did not enter it voluntarily. ***See id.*** at 10-11.

The trial court concisely addressed this claim in its Opinion, set forth the applicable law, and correctly determined that Granberry entered his plea knowingly and voluntarily, crediting the oral and written plea colloquies completed by Granberry. ***See*** Trial Court Opinion, 8/27/14, at 4-5; ***see also Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (stating that a defendant is bound by statements made during a plea colloquy). The record and the law support the trial court's rationale and determination, and we therefore affirm on this basis with regard to Granberry's first issue. ***See*** Trial Court Opinion, 8/27/14, at 4-5.

Next, Granberry contends that the trial court lacked jurisdiction to hear his case. ***Anders*** Brief at 11.

This Court has set forth the following governing standards pertaining to a trial court's subject matter jurisdiction in a criminal case:

Subject matter jurisdiction speaks to the competency of a court to hear and adjudicate the type of controversy presented. Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review is plenary. Controversies stemming from violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution. 18 Pa.C.S. § 102. All jurists within that tier of the unified judicial system are competent to hear and resolve a matter arising out of the Crimes Code. Pa. Const. Art. 5, § 5 (establishing the jurisdiction of the courts of common pleas within the unified judicial system); 42 Pa.C.S. § 931(a) (defining the unlimited original jurisdiction of the courts of common pleas).

* * *

The law is clear that the locus of a crime is always in issue, for the court has no jurisdiction over the offense unless it occurred within the county of trial, or unless, by some statute, it need not. For a county to take jurisdiction over a criminal case, some overt act involved in that crime must have occurred within that county.

**Commonwealth v. Elia**, 83 A.3d 254, 265 (Pa. Super. 2013) (citations to case law and brackets omitted).

Here, Granberry never disputed that the sexual assaults occurred in York County. The charging documents, filed by an officer of the Northern York County Regional Police Department, alleged that the incidents occurred in Dover, York County. **See** Criminal Complaint, 10/9/12; Affidavit of Probable Cause, 10/15/12. Moreover, as part of his oral plea colloquy, Granberry conceded that the Commonwealth would be able to prove the allegations beyond a reasonable doubt. **See** N.T., 12/6/14, at 5. Accordingly, Granberry's instant claim that the York County Court of Common Pleas lacked jurisdiction is wholly frivolous. **See Elia**, 83 A.3d at

265-66 (holding that the trial court had subject matter jurisdiction where the evidence established that the defendant had committed the sexual assaults in the county in which he was tried and convicted).

In his third issue, Granberry argues that the sentencing court imposed an illegal sentence. *Anders* Brief at 8, 12-13. "The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Veon*, 2015 PA Super 26, *31 (Pa. Super. 2015) (citation and brackets omitted).

Attorney Kemling maintains that Granberry's sentence was legal, and within the standard sentencing guideline range, stating as follows:

> [T]he trial court gave [Granberry] a sentence of [one] to two years in a state correctional institution on … each [of his two convictions of aggravated indecent assault]. [Granberry's] minimum sentence range under the sentencing guidelines for [each of these convictions] was 6 to 16 months. The trial court also gave [Granberry] a sentence of 4 to 9 years on … each [of his two convictions of corruption of minors]. [Granberry's] minimum sentence range under the sentencing guidelines for [each of these convictions] was 3½ to 4½ years. The trial court's sentence was within the guidelines[;] thus[,] it was not an illegal sentence.

*Anders* Brief at 8; *see also* Trial Court Opinion, 8/27/14, at 7 (determining that Granberry's sentence is legal). Our review confirms that Attorney Kemling's analysis is supported by the record, and we likewise conclude that Granberry's sentence, which was below the statutory maximum, is lawful.

Finally, Granberry asserts that the sentencing court abused its discretion by imposing an excessive sentence and failing to consider his

- 6 -

rehabilitative needs. ***Anders*** Brief at 13-14; ***see also*** Post-Sentence Motion, 3/26/14, at 3 (unnumbered).[4]

Granberry's claim raises a challenge to the discretionary aspects of his sentence, from which there is no absolute right to appeal. ***See Commonwealth v. Hill***, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where, as here, the appellant has preserved the discretionary sentencing claim for appellate review by raising it in a timely post-sentence motion, the appellant must (1) include in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence, pursuant to Pa.R.A.P. 2119(f); and (2) show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. ***Hill***, 66 A.3d at 363-64.

Here, the ***Anders*** brief does not contain a Rule 2119(f) Statement, and the Commonwealth has objected to this defect. ***See*** Commonwealth's brief at 11. Accordingly, this issue is waived. ***See Commonwealth v. Robinson***, 931 A.2d 15, 19, 22 (Pa. Super. 2007) (*en banc*) (finding waiver of the appellant's discretionary aspects of sentencing claim because he had failed to include a Rule 2119(f) statement in his brief and the Commonwealth objected to this defect).

---

[4] Because Granberry's plea did not include an agreement as to the sentence to be imposed by the court, his challenge to the discretionary aspects of his sentence is properly before us. ***See Commonwealth v. Dalberto***, 648 A.2d 16, 20 (Pa. Super. 1994) (explaining that, where there have been no sentencing restrictions in the plea agreement, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing).

Even if we did not find waiver, pursuant to our independent review of Granberry's sentencing challenge required by *Anders*, we would determine that it lacks merit based upon the reasoning advanced by the trial court in its Opinion. *See* Trial Court Opinion, 8/27/14, at 6-7 (stating, *inter alia*, that the sentencing court did, in fact, consider Granberry's rehabilitative needs and observing that the sentence imposed was within the standard range of the sentencing guidelines); *see also Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (stating that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.").

Accordingly, we conclude that all of Granberry's issues lack merit, and our independent review discloses no non-frivolous issues that he could present on appeal. Thus, we grant Attorney Kemling permission to withdraw under the precepts of *Anders*/*Santiago*, and affirm the judgment of sentence.

Petition to Withdraw as counsel granted; judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2015

- 8 -

YORK COUNTY
JUDICIAL CENTER

2014 AUG 27 AM 11:58

DON O'SHELL
CLERK OF COURTS

RECEIVED - FILED
PUBLIC DEFENDER

2014 SEP 11 P 3:05

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA CRIMINAL DIVISION

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | CP-67-CR-0008864-2012 |
| | : | |
| vs. | : | Super. Ct. No. 653 MDA 2014 |
| | : | |
| Taiwan Granberry | : | |
| | : | |
| | : | |

## OPINION PURSUANT TO RULE 1925(a) OF PENNSYLVANIA RULES OF APPELLATE PROCEDURE

On December 6, 2013, the Appellant, Taiwan Granberry, entered a plea of nolo contendere to two counts of Aggravated Indecent Assault[1] and two counts of Corruption of Minors.[2] On March 17, 2014, the Appellant was sentenced to 12 to 24 months imprisonment on each count of Corruption of Minors, which would run concurrently with one another. He was furthered sentenced to 48 to 108 months imprisonment on each count of Aggravated Indecent Assault, which would run concurrently with each other, but consecutively with the sentence for the Corruption of Minors counts. Thus, the Appellant was sentenced to an aggregate sentence of no less than 60 months and no more than 132 months. Post sentence motions were filed on March 26, 2014, and denied on March 31, 2014. The Appellant filed a timely Notice of Appeal on April 10, 2014.

This court directed the Appellant to file a Concise Statement of the Matters Complained on April 14, 2014. The Appellant asked for an extension, which we granted on May 8, 2014. The Appellant filed his statement on May 28, 2014. In his

---

[1] 18 Pa. C.S.A. § 1325(a)(8).
[2] 18 Pa. C.S.A. § 6301(a)(1)(ii).

1

appeal the Appellant questions (1) whether the Appellant's plea was voluntarily entered; (2) whether the Trial Court had jurisdiction to hear the case; and (3) whether the Trial Court issued a legal sentence, and/or abused its discretion in sentencing the Appellant to an aggregate sentence of no less than 60 months and no more than 132 months imprisonment. The entry of the Appellant's nolo contendere plea can be found in the original record at Notes of Testimony of 12/6/2013. The imposition of the Appellant's sentence can be found in the original record at Notes of Testimony 3/17/2014. Pursuant to Pennsylvania Rule 1925(a) of Appellate Procedure, the following is our opinion addressing the Appellant's issues.

**Factual and Procedural History:**

According to the Affidavit for Probable Cause, on July 10, 2012, Jana Schaeffer called the police to report that her daughter M.M., who was thirteen years old at the time, had been sexually assaulted at a friend's house. This friend, thirteen year old A.C., is the daughter of the Appellant's fiancée. M.M. was spending the night at A.C.'s house, when, while she was asleep, an unknown man came in and began touching her vagina. M.M. pretended she was sleeping. Approximately twenty minutes later, the Appellant came into the bedroom asking if M.M. was okay. In the morning, M.M. told A.C. what had happened and A.C. began to cry. She admitted that it had happened to her before, and that she knew who had come in the bedroom that night. She told M.M. it was Taiwan Granberry, the Appellant.

On December 6, 2013, the Appellant entered a plea of nolo contendere. The Appellant stated that he had been drinking on the night of July 9, 2012, and did not know if he had sexually assaulted M.M or A.C., but conceded that there was sufficient evidence to convict him. (N.T. 12/6/2013 at 4). This court accepted the Appellant's plea. (Id. at 5). The Appellant was sentenced on March 17, 2014. The sentence was

2

not part of a plea agreement. For the two counts of Corruption of Minors, the Appellant was sentenced to 12 to 24 months on each count, which were to run concurrently with one another. (N.T. 3/17/2014 at 3). On the two counts of Aggravated Indecent Assault, the Appellant was sentenced to 48 to 108 months for each count. (Id.). These sentences were to run concurrent with one another, but consecutive to the sentence on the counts of Corruption of Minors. (Id.). Therefore, the Appellant was sentenced to an aggregate sentence of no less than 60 months and no more than 132 months imprisonment. (Id. at 4).

The Appellant filed Post-Sentence Motions on March 26, 2014, which we denied on March 31, 2014. The Appellant timely appealed on April 10, 2014, and also included a Petition to Withdraw as Counsel. On April 14, 2014, we directed the Appellant to file a Concise Statement of the Matters Complained. On April 15, 2014, we granted the Appellant's Petition to Withdraw as Counsel. On May 5, 2014, the court received a Motion for Extension of Time to File 1925(b) Statement from Appellant's new counsel. The extension was granted on May 8, 2014, and he filed his 1925(b) Statement on May 28, 2014.

**Issues:**

I. Was the Appellant's plea voluntarily entered?

II. Did the Trial Court have jurisdiction to hear this case?

III. Was the sentenced imposed by the Trial Court legal, and did the Trial Court abuse its discretion when sentencing the Appellant to an aggregate of no less than 60 months and no more 132 months?

3

**Discussion:**

The effect of a nolo contendere plea is the same as a guilty plea. *Commonwealth v. Lewis*, 791 A.2d 1227, 1230 (Pa. Super. Ct. 2002). A plea of nolo contendere can only be entered with the consent of the judge. Id. at 1231 (citing PA. R. CRIM. P. 590).

*Was the Appellant's plea voluntarily entered?*

In order to determine whether a plea has been entered voluntarily, the trial judge is to inquire into the following:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere? (2) Is there a factual basis for the plea? (3) Does the defendant understand that he or she has the right to trial by jury? (4) Does the defendant understand that he or she is presumed innocent until found guilty? (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged? (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Lewis*, 791 A.2d at 1231 (citing PA. R. CRIM. P. 590).

In the present case, prior to his plea hearing, the Appellant met with his attorney and filled out a written plea colloquy. This colloquy was filled out in the Appellant's own handwriting, contained his initials on every page, and was signed by the Appellant. His attorney also swore that he informed the Appellant of the implications of pleading nolo contendere. Further, at his plea hearing on December 6, 2013, the Appellant was asked, among other things, if he had enough time to consult with his attorney, if he understood what a nolo contendere plea was, and if he had any questions. (N.T. 12/6/2013 at 2-3). The Appellant indicated that he had enough time to consult with his attorney, that he understood what was going on, and that he did not

4

have any questions for the court. (<u>Id.</u>). The Appellant was asked if he agreed that the Commonwealth would be able to prove beyond a reasonable doubt all of the charges to which he was pleading; again, the Appellant stated he agreed. (<u>Id.</u> at 3-4). Lastly, the Appellant was asked if he was stating that the events alleged did not happen or if he did not know if the events occurred because of his intoxicated state. (<u>Id.</u> at 5). The Appellant clarified that he did not remember if the events took place. (<u>Id.</u>).

Therefore, because the Appellant indicated at all stages that he was aware of the implications of pleading nolo contendere, we believe the Appellant entered his plea knowingly and voluntarily.

*Did the Trial Court have jurisdiction to hear this case?*

Courts of Common Pleas are conferred with broad jurisdiction. The Pennsylvania Constitution states that the courts of Common Pleas are vested with "unlimited original jurisdiction in all cases except as provided by law." PA. CONST. ART. 5, § 5(b). Statutory law similarly grants this court with jurisdiction over all matters except those that are vested in another court in the Commonwealth. 42 Pa. C.S.A. § 931(a). Lastly, "[c]ontroversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution." *Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003).

In the present case, the Appellant was charged with two counts of Aggravated Indecent Assault and two counts of Corruption of Minors. Therefore, because the Appellant's controversy is one arising under the Crimes Code, this court had jurisdiction to hear the case.

5

*Sentence: Legality and Abuse of Discretion*

The Appellant asks (1) whether the Trial Court issued a legal sentence, and (2) whether the Trial Court abused its discretion in sentencing the Appellant to an aggregate sentence of 60 to 132 months imprisonment.

An Appellant does not have an "absolute right to appellate review of the discretionary aspects of sentencing." *Commonwealth v. Mouzon*, 812 A.2d 617, 621 (Pa. 2002). An appellate court will review the discretionary aspects of sentencing if the Appellant raises a substantial question. *Id.* A substantial question may exist if the Appellant can show that "the actions by the sentencing court [are] inconsistent with the Sentencing Code or [are] contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Sims*, 728 A.2d 357, 359 (Pa. Super. Ct. 1999). The Appellant is required to file a brief, which must include a "concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of the sentence." Pa. R.A.P. 2119(f). This statement should include where the sentence falls in relation to the sentencing guidelines, the fundamental norm the sentence imposed violates, and the manner in which the sentenced imposed violates that norm. *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. Ct. 2000). Well established law clearly states that it is within the discretion of the sentencing judge to decide whether multiple sentences should run concurrently or consecutively. *Commonwealth v. Rickabaugh*, 706 A.2d 826, 847 (Pa. Super. Ct. 1997).

In the present case, the Appellant was sentenced to 12 to 24 months imprisonment on each count of Corruption of Minors. (N.T. 3/17/2014 at 3). These sentences were to run concurrent with each other. (*Id.*). On the two Aggravated Indecent Assault counts, the Appellant was sentenced to 48 to 108 months imprisonment. (*Id.*). These sentences were to run concurrent with one another, but

consecutively with the sentence on the Corruption of Minors counts. (Id.). Thus, the aggregate sentence imposed was no less than 60 months and no more than 132 months imprisonment. (Id. at 4). On March 26, 2014, the Appellant filed a Post-Sentence Motion arguing that the sentenced imposed by this court was excessive and warranted a downward modification. (Def.'s Post-Sent. Mot. 3/26/14). The Appellant also argued that the sentence did not adequately take into account the Appellant's rehabilitative needs. (Id.). We denied the motion on March 31, 2014.

When imposing the sentence, we took many factors into account, including, among other things, the sentencing guidelines, the fact that the offenses involved two different individuals over a period of time, and the recommendation by the Probation Department. (N.T. 3/17/2014 at 2-3). We further took into account the Appellant's need for rehabilitation, and we noted that the sentence we imposed was less than the sentenced recommended by the Probation Department. (Id. at 3-4). Lastly, we noted that the Appellant entered a nolo contendere plea, which did alleviate any further suffering of the victims that might have come from testifying at trial. (Id. at 4).

Assuming there is a substantial question warranting review on appeal, we believe that we adequately took into account the factors listed in 42 Pa. C.S.A. § 9721(b), and the discretionary aspects of our sentence should be upheld. Further, as previously stated, the decision as to whether sentences on multiple offenses are to run concurrently or consecutively lies in the discretion of the judge. *Commonwealth v. Rickabaugh*, 706 A.2d 826, 847 (Pa. Super. Ct. 1997). Therefore, we believe the Appellant's sentence is legal, and we further believe we did not abuse our discretion in sentencing the Appellant to an aggregate of no less than 60 months and no more than 132 months imprisonment.

7

**Conclusion:**

The Appellant's written plea colloquy and the official record of the plea hearing both indicate that the Appellant was fully aware of the effect entering a nolo contendere plea would have on his case. Therefore, we believe his plea was knowingly and voluntarily entered. Further, because this was a criminal case, we clearly had jurisdiction to hear it under the Pennsylvania Constitution. Lastly, the sentence imposed by this court was legal. Likewise, we took all relevant factors into consideration when imposing the sentence. Specifically, we noted the sentencing guidelines, the Appellant's need for rehabilitation, and the fact that the Appellant entered a plea in order to alleviate any furthering suffering of his victims. Therefore, we respectfully suggest that the issues advanced by the Appellant are without merit, and that the rulings of this Court were not in error.

By the Court:

Date: 8/27/14

_____
Richard K. Renn, Judge