J-S23010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES TALBERT | : | |
| | : | |
| Appellant | : | No. 2095 EDA 2022 |

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008348-2018

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED SEPTEMBER 6, 2023**

Charles Talbert brings this direct appeal from the judgment of sentence imposed after a jury convicted him of recklessly endangering another person ("REAP") and possession of an instrument of crime ("PIC"). We affirm.

In a late afternoon in September 2018, Talbert approached two women, Alice Conteh and Naima Koroma, on the street in Philadelphia. The women had stopped their car due to a mechanical problem and opened the hood. Conteh asked Talbert if he was a mechanic, and he responded by pulling a knife out of his pocket, pointing the knife at Conteh, and making a slashing motion toward her torso. The women fled to a nearby building and called the police.

Talbert was arrested and charged with aggravated assault, PIC, simple assault, and REAP. At trial, Talbert did not deny his actions; he asserted that

he was high on PCP at the time and that he pulled out the knife to reposition it in his pocket. A jury convicted Talbert of PIC and REAP and acquitted him of aggravated assault and simple assault. The trial court sentenced Talbert to serve a term of incarceration of 29 to 60 months for the conviction of PIC and 12 to 24 months for the REAP conviction.

Talbert filed a *pro se* post-sentence motion, which was eventually denied by operation of law. We now address Talbert's direct appeal.[1]

_____

[1] We note that this case is replete with procedural irregularities. Initially, Talbert perfected a direct appeal at 1225 EDA 2020. While that appeal was pending, original counsel was permitted to withdraw, and Attorney William Ciancaglini was appointed. The following month, Attorney Ciancaglini was permitted to withdraw and current counsel was appointed. However, it appears that Attorney Ciancaglini remained as the attorney of record in this Court, such that he continued to erroneously receive notifications about the case.

Nevertheless, while 1225 EDA 2020 was pending, Talbert filed a *pro se* petition under the Post Conviction Relief Act, which was dismissed, and a notice of appeal was filed at 127 EDA 2022.

Then, the pending direct appeal at 1225 EDA 2020 was dismissed for failure to file a brief, and Talbert filed a *pro se* petition for allowance of appeal in our Supreme Court at 27 EM 2022.

Thereafter, we remanded the appeal at 127 EDA 2022 for a hearing to determine whether Talbert had been abandoned by counsel. While the petition at 27 EM 2022 was still pending before the Supreme Court, the trial court entered an order stating counsel had not abandoned Talbert and reinstated the appeal rights at both 1225 EDA 2020 and 127 EDA 2022.

On August 10, 2022, current counsel filed a praecipe to discontinue the appeal at 127 EDA 2022. Counsel also filed a notice of appeal from the judgment of sentence, which established the instant appeal at 2095 EDA 2022. Meanwhile, our Supreme Court has placed a hold on 27 EM 2022, pending this Court's disposition of 2095 EDA 2022.

As alluded to earlier, Attorney Ciancaglini had been listed as Talbert's attorney. In a letter dated February 22, 2022, Attorney Ciancaglini alerted this Court to the fact that he had been erroneously receiving the notifications
*(Footnote Continued Next Page)*

Talbert presents this Court with three issues for review challenging the sufficiency of the evidence, the adequacy of a jury instruction, and the discretionary aspects of his sentence. Upon careful review, we conclude that none of the claims merit relief.

Talbert first argues that his conviction of PIC must be reversed because the Commonwealth failed to prove that he possessed the knife for criminal purposes.[2] **See** Appellant's Brief at 14-16. He asserts that because the jury acquitted Talbert of the crimes of aggravated and simple assault, he cannot

_____

concerning Talbert's cases. However, that letter was not received until after the direct appeal at 1225 EDA 2020 was dismissed.

Suffice it to say we are satisfied that this Court's improper listing of prior counsel as Talbert's attorney of record precipitated much of the confusion in this case. This breakdown resulted in the lack of proper court filings leading to the dismissal of Talbert's timely filed direct appeal at 1225 EDA 2020 and led to the appearance of an abandonment by counsel. Accordingly, we will not quash as untimely the instant appeal at 2095 EDA 2022. **See** **Commonwealth v. Patterson**, 940 A.2d 493 (Pa. Super. 2007) (finding a breakdown in the court system occurred and appeal should not be quashed).

[2] To the extent Talbert's argument challenges the credibility of the testimony offered by Conteh, **see** Appellant' Brief at 15, thereby presenting a challenge to the weight of the evidence, such a claim is waived. Pennsylvania Rule of Criminal Procedure 607 and its comment instruct that in order to preserve for appellate review a claim that a verdict is against the weight of the evidence, the issue must be raised with the trial judge in a motion for a new trial either orally prior to sentencing, by written motion prior to sentencing, or in a post-sentence motion. **See** Pa.R.Crim.P. 607. Here, Talbert never filed an oral or written motion for a new trial prior to sentencing, or a post-sentence motion challenging the weight of the evidence. Accordingly, we conclude that any argument challenging the weight of the evidence is waived. **See** Pa.R.Crim.P. 607; **Commonwealth v. Gillard**, 850 A.2d 1273, 1277 (Pa. Super. 2004) ("[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived").

- 3 -

be considered to have possessed the knife with the intent to employ it criminally. *See id*. at 14-15. Talbert alleges the Commonwealth "failed to present any evidence to prove that [his] possession of the knife was intended for anything other than … self-defense purposes." *Id*. at 16.

We review challenges to the sufficiency of the evidence with great deference to the credibility determinations of the fact finder:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa. Super. 2017) (*en banc*) (citation omitted).

A person is guilty of PIC "if he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S.A. § 907(a). The statute defines "instrument of crime" as "[a]nything used for criminal purposes and possessed

by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S.A. § 907(d)(2).

"'[I]t is the actor's criminal purpose that provides the touchstone of his liability' for possessing an instrument of crime." **Commonwealth v. Andrews**, 768 A.2d 309, 317-18 (Pa. 2001) (citations omitted). We have long held that wholly circumstantial evidence is sufficient to support a conviction of possession of an instrument of crime. **See Commonwealth v. Young**, 692 A.2d 1112, 1114 (Pa. Super. 1997) (holding that circumstantial evidence was sufficient to sustain conviction of possession of instrument of crime).

Further, we are mindful that "[w]here an appellant has been acquitted of the underlying crime, and no other evidence has been presented to establish criminal intent, an appellant cannot be deemed to possess the requisite intent to employ a weapon criminally -- a prerequisite to a conviction for PIC." **Commonwealth v. Weston**, 749 A.2d 458, 461 (Pa. 2000) (citations omitted). Moreover, a conviction for possession of an instrument of crime may be sustained when a defendant has been otherwise acquitted of related offenses involving the use of that instrument of crime. **See Commonwealth v. Moore**, 103 A.3d 1240, 1245-50 (Pa. 2014) (relying on the "long-standing principles that juries may issue inconsistent verdicts and that reviewing courts may not draw factual inferences in relation to the evidence from a jury's decision to acquit a defendant of a certain offense").

Talbert argues that the jury's decision not to convict him of aggravated or simple assault leaves us with no underlying crime to support his PIC conviction. However, this argument conveniently overlooks that the jury did convict Talbert of REAP. And the evidence of record is sufficient to support the REAP conviction.

Our review of the record reflects Conteh testified that Talbert approached her and her sister on the street, took out a knife from his pocket, and made slashing motions toward Conteh's chest and face. *See* N.T., 10/7/19, at 33-36. Conteh expressed that it was "a big knife" and indicated that it was approximately six inches from her body. *Id*. at 36. She also testified that she "was so scared." *Id*. 35. Conteh further indicated that when she and her sister ran, Talbert followed them. *See id*. at 47. Likewise, Conteh's sister, Koroma testified concerning the incident. She indicated that Talbert approached the women, pulled a knife from his pocket, and pointed it at Conteh's upper body. *See id*. at 67-68.

Here, regardless of whether Talbert was convicted of the crimes of aggregated and simple assault, the facts of the incident were sufficient to support his conviction for REAP. The jury, sitting as finder of fact, chose to believe the evidence presented by the Commonwealth, and we will not substitute our judgment for that of the jury. Under the totality of the circumstances, the evidence presented at the trial, viewed in the light most favorable to the Commonwealth as the verdict winner, establishes that Talbert

pulled a knife on Conteh and pointed it at her upper body and face. This evidence is sufficient to sustain Talbert's conviction of REAP. Accordingly, his claim the Commonwealth failed to present evidence of his criminal intent lacks merit.

Talbert next argues that the trial court erred by failing to properly instruct the jury on the legal definition of intent. ***See*** Appellant's Brief at 16. However, Talbert has not properly developed this issue for appellate review.

It is undisputed that the argument portion of an appellate brief must be developed with pertinent discussion of the issue, which includes citations to relevant authority. ***See*** Pa.R.A.P. 2119(a). Moreover, if reference is made to a jury charge appearing in the record, the argument must set forth a reference to the place in the record where the jury charge appears. ***See*** Pa.R.A.P. 2119(c).

Here, the argument section of Talbert's brief addressing this issue consists of general statements without any citation to legal authority supporting his allegation of trial court error. Also, in contradiction to Rule 2119(c), in the argument portion of his appellate brief, Talbert has failed to comply with the mandatory briefing requirements by offering no citation to the notes of testimony where a proper objection to the jury instruction had been made. Accordingly, because Talbert has not developed any significant argument relating to the issue in the argument section of his appellate brief

and has not directed this Court to the portion of the record to be reviewed, we deem this issue to be waived.[3]

In his final two arguments, Talbert argues that the trial court abused its discretion in fashioning his sentence. *See* Appellant's Brief at 17-20. Initially, Talbert contends the trial court imposed a sentence that was not based upon proper consideration of pertinent factors, as contemplated under 42 Pa.C.S.A. § 9721(b). *See id*. at 17-19. Talbert further asserts the trial court abused its discretion in imposing consecutive maximum sentences, which he asserts resulted in a manifestly excessive sentence. *See id*. at 19-20.

Our standard of review is one of abuse of discretion. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *See Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

It is well settled there is no absolute right to appeal the discretionary aspects of a sentence. *See Commonwealth v. Hartle*, 894 A.2d 800, 805

---

[3] Even if we did not find waiver based on Talbert's appellate brief, and addressed the issue, we would have found waiver due to his failure to make a specific objection to the jury instruction before the jury retired. Our Supreme Court has held that, in the event counsel fails to posit the appropriate objection prior to the jury's retirement for deliberation, the underlying point is not preserved for appellate review and will be deemed waived on appeal. *See Commonwealth v. Pressley*, 887 A.2d 220, 223 (Pa. 2005). Our review of the portion of record cited by the Commonwealth in its brief reflects that after jury deliberations began, the trial court gave a clarifying instruction, and Talbert did not object. *See* N.T., 10/9/19, at 2-17. Talbert's failure to make such an objection resulted in waiver of this issue.

(Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. ***See Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation and brackets omitted).

Here, the first three requirements of the four-part test are met. Talbert brought an appropriate appeal, filed a post-sentence motion raising the issue, and included in his appellate brief the necessary concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). We next determine whether he has raised a substantial question requiring us to review this claim challenging the discretionary aspects of the sentence imposed.

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). Rather, an appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *See Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006).

In his Rule 2119(f) statement, Talbert argues the trial court abused its discretion by imposing an excessive sentence that was not based upon the gravity of the violation, the extent of Talbert's record, his prospect of rehabilitation, nor an assessment of the mitigating and aggravating factors of 42 Pa.C.S.A. § 9721. *See* Appellant's Brief at 9. This Court has held that an assertion that a sentence was excessive and that the trial court failed to properly consider the factors set forth in 42 Pa.C.S.A. § 9721(b)[4] raises a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). *See also Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (stating that "an excessive sentence claim—in

---

[4] The factors to be considered under 42 Pa.C.S.A. § 9721(b) include: the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. *See* 42 Pa.C.S.A. § 9721(b).

conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question" (internal citation omitted)). We therefore grant permission to appeal and proceed to review the merits of this sentencing claim.

We next apply the four-part test to Talbert's claim that the trial court abused its discretion in imposing consecutive maximum sentences, which resulted in a manifestly excessive sentence. Here, the first requirement of the four-part test is met because Talbert properly brought this appeal. However, our review of the record reflects that he did not meet the second requirement because he did not include a challenge to the imposition of consecutive sentences in his post-sentence motions or at the time of sentencing.[5] *See* Post-Sentence Motion, 12/23/19 (Record Entry #27). Therefore, Talbert's issue challenging the imposition of consecutive sentences is waived, and we are precluded from addressing the merits of his claim on appeal.

We now review Talbert's claim that the sentencing court failed to properly consider relevant sentencing factors. In his brief, Talbert argues "[t]he court only considered the nature of the offense, without consideration of the characteristics of appellant or his rehabilitative needs." Appellant's Brief

---

[5] In his post-sentence motion, Talbert presented the following challenge to his sentence: "The sentence was excessive considering Petitioner's age, his dual diagnosis of PTSD, his bipolar disease, his life-long need for inpatient hospitalization and treatment listed in the mental health report, and other mitigating evidence." Post-Sentence Motion, 12/23/19, at 1.

- 11 -

at 18. He further alleges the court did not state any of the findings upon which the sentence was based. *See id*.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Bankes*, 286 A.3d 1302, 1307 (Pa. Super. 2022). In this context, an abuse of discretion is not shown merely by an error in judgment. *See id*. Rather, an appellant must establish by reference to the record that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *See id*.

The sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position to view a defendant's character, displays of remorse, defiance, or indifference and the overall effect and nature of the crime. *See Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted). As we have stated, "a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002) (citation omitted). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id*. (citation omitted).

In addition, "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citation omitted).

Our review of the record reflects, and it is undisputed that, at Talbert's sentencing, the trial court received and reviewed a presentence report, considered argument from defense counsel, heard Talbert's allocution, and received argument from the Commonwealth. Prior to announcing the judgment of sentence, the trial court read into the record the full evaluative summary of the presentence report, which evinced a complete understanding of the relevant factors surrounding Talbert's sentence. ***See*** N.T., 12/18/19, at 10-16.

We conclude the comments the trial court offered for the sentence imposed were more than sufficient to conclude that the court properly considered all relevant factors in fashioning Talbert's sentence. Also, because the trial court had been fully informed and relied upon the presentence report, we conclude the trial court did not abuse its discretion in creating the instant sentence. ***Ventura***, 975 A.2d at 1133. Accordingly, Talbert's claim that the trial court failed to consider the appropriate factors in imposing the sentence lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/06/2023